85 So.2d 8

Oscar SANDERS

v.

Owen WALTHER et al.

No. 42182.

Jan. 16, 1956.

Sydney J. Parlongue, John F. Caraway, New Orleans, for plaintiff-appellant.

Wm. H. McClendon, Jr., New Orleans, for defendants-appellees.

PONDER, Justice.

In this suit the plaintiff is seeking to recover from the defendants $6,912.89 alleged balance due under a building contract, in the alternative for damages and loss of profit and in the further alternative to recover on a quantum merit basis. The suit is based on the ground that the defendant, Owen Walther, breached a written contract by refusing to make further payments in accordance with the terms of the contract. The defense to the suit is to the effect that Walther had already advanced a greater amount than was due under the contract; that the work was defective and that the plaintiff breached the contract by refusing to continue the work when he was informed that no more advances would be made until the plaintiff complied with the contract requiring him to progress with the work until the payments would be equal to 80% of the cost

of the labor performed. On trial of the case, the lower court gave judgment rejecting plaintiff's demands and he has appealed.

During the month of January of 1953, Owen Walther, a contractor, entered into a contract with Oscar Sanders whereby Sanders was to furnish all labor necessary to complete a building according to certain plans and specifications for a consideration of $10,000 to be paid as follows, viz.: partial payments to be paid on Thursday of each week in an amount equal to 80% of the cost and value of labor performed during the preceding week.

■■ While there is a dispute as to the amount paid the plaintiff, it is apparent that more than 80% of the cost and value of the labor performed was advanced. The plaintiff concedes that he has received $3,087.11 under the contract; however, the evidence shows that the plaintiff has received $3,669.-11 under the contract, an overpayment of approximately $1,374.20. These facts were not only established by the defendant but are supported by the testimony of two expert witnesses, produced by the defendant, who went to the job and estimated the extent of the work performed. These expert witnesses were the only experts who examined the premises and estimated the extent of the work performed. Under such circumstances, the plaintiff was not justified in discontinuing the work and his refusal to continue the work was a breach of the terms of the contract.

■ Since we have arrived at the conclusion that the contract was breached by the plaintiff after he had received a substantial overpayment, it would appear that the judgment of the lower court dismissing his demands is correct and that he is not, therefore, entitled to any additional compensation.

For the reasons assigned, the judgment is affirmed at appellant's cost.